**In the Matter of Angel L. RIVERA FELICIANO & Jocelyn Edelstein Serrano Debtors-plaintiffs,**

**v.**

**SISTEMA de RETIRO del E.L.A., ASOC. Empleados del E.L.A., Robert Griswold, Trustee, Defendants.**

**Bankruptcy No. 85–00763(SEK). Adv. No. 87–0002.**

United States Bankruptcy Court, D. Puerto Rico.

Jan. 9, 1990.

William Dávila de Pedro, Hato Rey, P.R., for debtors.

Reinaldo Babilonia Cardona, Maria L. Contreras, San Juan, P.R., for Asociación Empleados de E.L.A.

Héctor Rivera Cruz, Secretary of Justice for the Com. of P.R., and Antonio Fiol Matta, Federal Litigation Div., San Juan, P.R., for Sistema de Retiro, Empleados del E.L.A.

## OPINION AND ORDER

SARA E. DE JESUS, Bankruptcy Judge.

Mrs. Jocelyn Edelstein Serrano (the Debtor) borrowed money from the Asociación de Empleados del E.L.A. (the Asociación). She then filed this Chapter 13 petition for bankruptcy and an adversary complaint against the Asociación, Sistema de Retiro del E.L.A. (Retiro) and the Chapter 13 Trustee, requesting the turnover of $3,962.29. According to the complaint, Retiro delivered $3,350.00 to the Asociación, which is held as Debtor's contributions to a retirement or pension fund despite the claimed exemption under 11 U.S.C. 522; and the Asociación received $612.29 in post-petition wage deductions. The Asociación intends to apply these sums to Debtor's loan. The Asociación claims it is entitled to apply the $3,350.00 Mrs. Edelstein contributed to the pension fund because this money is not property of the Estate within the meaning of 11 U.S.C. Sec. 541, but is a collateral for her loan with the Asociación, which security survives bankruptcy. After several hearings the parties agreed to submit the following stipulated facts.

3 "UNCONTESTED FACTS

1. Debtors-plaintiffs Angel L. Rivera Feliciano and Jocelyn Edelstein, filed a joint petition for relief under Chapter 13 of the U.S. Bankruptcy Code on June 19, 1985.

2. At the time of the filing of the petition debtors were indebted to co-defendant, Asociación de Empleados del E.L.A. (hereinafter 'Asociación') in the amount of four thousand five hundred and seventy five dollars ($4,575.00).

3. Said indebtedness arose out of a loan agreement entered into by Jocelyn Edelstein and the Asociación on April 23, 1985.

4. Plaintiff-debtors listed the aforementioned liability in Schedule A–3 of the Chapter 13 Statement filed along with petition for relief. It was provided in said schedule that $1,491.41 in shares [1] would be surrendered to the Asociación reducing the debt to $3,537.01, actually the real numbers are:

Debt   $4,575.00
Less   1,571.59 (savings and dividends)
      $3,003.31

5. On November 1, 1985 the 'Asociación' filed a proof of claim claiming the amount of $3,003.31 as unsecured debt and the sum of $1,571.69 as a secured debt. The secured part of the debt represents the savings and dividends held by debtor-plaintiff in the 'Asociación' which by Section 31 of Law 133 of 1966, 3 LPRA, Section 863c respond and must be applied to the total or partial payment of a debt of a member with the 'Asociación'.

6. Debtors' Chapter 13 payment plan was subsequently confirmed by the Court on December 11, 1985.

7. As a requisite for the approval of the loan agreement for the amount of $4,575.00 plaintiff, Jocelyn Edelstein, was required to sign a 'note' (pagaré). That note was not dated or numbered. It authorized deductions from plaintiff's salary to pay for the monthly installments of the loan and also the assignment of the funds deposited with Sistemas de Retiro which would respond for any outstanding debt with the 'Asociación' upon plaintiff's termination as an employee of the Government of Puerto Rico.

8. On March 26, 1986 plaintiff Jocelyn Edelstein presented a letter of resignation to the head of the Department of Social Services. Her employment with that Agency terminated on March 31, 1986.

9. Sometime thereafter plaintiff Jocelyn Edelstein requested from the Retirement System the funds deposited with the Agency for pension retirement purposes. Since she no longer was a governmental employee and without further entitlement to a pension. (sic)

10. By virtue of 3 LPRA 862d and 863d the Administración del Sistema de Retiro is required that whenever a governmental employee resigns without a right to a pension and request from Retiro that his contributions be returned to him, the contributions from Retiro will respond to any indebtedness with the

'Asociación' and the local law order the transfer of such funds to 'Asociación'.

11. A proceeding had been established by which, after Retiro received the request from the employee so that the contributions be returned to him, a memorandum was sent to the Collection Division of 'Asociación' requesting a certification of the debt. After the certification is received by Retiro, the money was sent to 'Asociación'.

12. The Legal Department of the 'Asociación' was not aware of such proceeding in the past. As a result of the proceeding of the above captioned case, instructions has (sic) been given so that whenever the memorandum from Retiro requesting the certification of debt is sent to 'Asociación', said memorandum will be sent to the Legal Department so that the Attorney representing the 'Asociación' at the Bankruptcy Court notifies the Court of the availability of such funds and request, under Bankruptcy Law, the corresponding remedy.

13. In accordance with the aforementioned proceeding Retiro sent to 'Asociación' the amount of $3,350.00. Since 'Asociación' claimed in the proof of claim the amount of $3,003.21, the excess money was disbursed to debtor.

14. The 'Asociación' justifies this action by appealing to the provisions of Act No. 133, dated as of June 28, 1966 of the Commonwealth of Puerto Rico 862f and 863d 3 LPRA, further making reference to the Note signed by the debtor in that regard and its allegation on the proof of claim.

15. All of this was performed while the automatic stay provisions of Section 362 were pending and without regard to the provisions of Section 362(d).

16. The parties request of the Court to take knowledge, and use for purposes of its opinion in order the following documents:

  (a) The Chapter 13 Plan.

  (b) The proof of claim and the note filed with the proof of claim.

17. A translation of the note is included with this Stipulation.

18. Trustee reports that $93.91 were paid to Asociación pursuant to the proof of claim. That amount was paid in error since certain priorities had to be payed (sic) first."

---

[1] It is really savings and dividends. The Asociación is not a cooperative.

### ISSUES

I. Was Debtor's interest in the retirement fund held by Retiro at the time this Chapter 13 Petition was filed, property of the Estate?

II. Were her retirement contributions placed in a spendthrift trust thereby excluding them from property of the estate as per 11 U.S.C. Sec. 541(c)?

III. Does the Asociación have a valid, continuing lien on debtor's post petition wage deductions which Debtor contributed to the pension fund held by Retiro?

IV. Does the Debtor have a right to claim the post petition wage deductions held by Retiro's pension fund as exempt property within the purview of 11 U.S.C. Sec. 522?

V. Has the Asociación violated the automatic stay created by 11 U.S.C. 362?

### I

The Bankruptcy Code provides that the commencement of a case or filing of a petition creates an estate. That estate includes all of a debtor's "legal and equitable interests ... in property as of the commencement of the case". 11 U.S.C. Sec. 541(a)(1). The Code does not define a debtor's interest in property but it does determine whether that interest passes to the bankruptcy trustee in the appropriate cases. Thus, initially all debtor's interests in property form part of the estate and it is up to creditors and the debtor to claim its exclusion under specific provisions of the Bankruptcy law. *In re Graham*, 24 B.R. 305, 308–309 (Bkrtcy.N.D., Iowa, 1982) and *In re Graham*, 726 F.2d 1268, 1271 (8th Cir., 1984).

Hence, Debtor's interest in the retirement fund held by Retiro at the moment the petition was filed is property of the

Estate subject to its exclusion at the request of Debtor or a creditor.

## II

■ The Asociación claims Debtor's contributions to the retirement fund should be excluded from property of the estate because the debtor's property interest vested in a spendthrift fund held and administered by Retiro. Section 541(c) of the U.S. Bankruptcy Code specifically provides that when State law recognizes the existence of a spendthrift trust, the trust funds do not become part of the estate of a beneficiary who files a petition for bankruptcy. *McLean v. Cent. States S. & S. Areas Pen. Fund*, 762 F.2d 1204 (4th Cir., 1985) and *In re Lichstrahl*, 750 F.2d 1488 (11th Cir., 1985).

"The Code abandoned the transferability-leviability standard and provided instead that "all legal and equitable interests of the debtor in property" become property of the estate. Under this all-inclusive definition, a beneficial interest in a spendthrift trust would be property of the estate. The legislative history of Section 541(c)(2), however, establishes that Congress intended by that section to preserve the status traditional spendthrift trusts had under the old Act.".... [Thus, the Code excludes from property of the estate] ... "the debtor's interest in a spendthrift trust to the extent the trust is protected from creditors under applicable State law." See *In Re Graham*, 726 F.2d 1268, 1271 (8th Cir., 1984) and *In Re Loe*, 83 B.R. 641 (Bkrtcy. Minn., 1988).

Thus, this Court must determine whether the pension fund, to which Debtor contributed part of her wages, is a spendthrift trust under the laws of Puerto Rico.

"In general terms, a spendthrift trust is one in which the right of the beneficiary to future payment of income or capital cannot be voluntarily transferred by the beneficiary or reached by his or her creditors".

*In re Graham*, 726 F.2d 1268, 1271 (8th Cir., 1984). These trusts are created to provide a fund for the maintenance of another. The trust often contains restrictions which prevent the beneficiary from reaching the funds so as to secure them against the beneficiary's own improvidence. The trust must also contain provisions against alienating the funds by a voluntary act of the beneficiary and placing the funds out of the reach of the beneficiary's creditors.

Under Puerto Rican law Mrs. Edelstein, the beneficiary of the trust or pension fund held by Retiro, could under certain circumstances, retrieve her contributions to the fund and she could also alienate them. See 3 Laws of P.R.Ann. Secs. 774 and 862f(a) and the terms of the note she executed.[1] True, the recovery of her contributions and effectiveness of their assignment to the Asociación were contingent upon terminating her government employment without the right to a pension and her requesting reimbursement of the wages she contributed to the fund. Nevertheless, these terms show the fund was not a spendthrift trust because it lacked an anti-assignment provision and because the beneficiary, Mrs. Edelstein, could acquire dominion over her contributions to the fund.

## III

■ The Estate of Mrs. Jocelyn Edelstein acquired an interest in her contributions to the pension fund under the same terms and conditions as the Debtor held it on the date the case was commenced. The stipulated fact number seven shows Mrs. Edelstein assigned her pre petition and post petition wage contributions to the pension fund to the Asociación upon the termination of her employment to amortize a debt of $4,575.00. This conditional assignment was perfected prior to the filing of her petition. The question then becomes whether this wage assignment which gives right to a continuing lien on future wages as security for a prepetition debt, consti-

---

1. The fact that the note containing the assignment is not "dated or numbered" is irrelevant. For a promissory note in Puerto Rico must fulfill the requirements of a negotiable instru- ment as per 19 Laws of P.R.Ann. Section 2 and the assignment authorized by 3 Laws of P.R. Ann., 862f. Neither contain provisions requir- ing the instrument to be dated or numbered.

tutes a valid lien under the Bankruptcy Code. See 11 U.S.C., Section 552.

The case of *In re Miranda Soto*, 667 F.2d 235, 237 (1st Cir., 1981), holds that property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case. See also 11 U.S.C. 552, 4 *Collier on Bankruptcy*, Section 552 (15th ed.); 2 *Norton Bankruptcy Law and Practice*, Section 38.1 *et seq.* Thus, Mrs. Edelstein's assignment of wages contributed to the pension fund could only create a valid lien in bankruptcy encumbering her contributions derived from pre petition wages, regardless of when the assignee could have had access to said contributions. See *In re Dykes*, 326 F.Supp. 998, 1001 (D.C.Kn., 1970) cited with approval in *In re Miranda Soto, supra*, at p. 237. Hence, the assignment of debtor's wage deductions contributed to the pension fund held by Retiro in favor of the Asociación is limited to those wages earned and deducted on the date this petition was filed.[2] The documents offered do not make this distinction. Therefore, if the parties cannot agree to the extent of Asociacion's lien in keeping with this opinion, they shall request an evidentiary hearing.

### IV

 Pursuant to 11 U.S.C. Section 522(d)(10)(A) and 522(d)(10)(E), Debtor may claim the contributions to Retiro's pension fund "to the extent [these are] reasonably necessary ..." for her support. *In re Werner*, 31 B.R. 418, 9 C.B.C.2d 371, 376–377 (Bkrtcy.Minn., 1983); *In the Matter of Parker*, 1 C.B.C.2d 103, 473 F.Supp. 746 (D.C.W.D.N.Y., 1979). Furthermore, the contributions and pension plan cannot fall into any of the three exceptions set forth in Sec. 522(d)(10)(E). Since Debtor has not shown entitlement to the objected exemp-

tion in accordance with the cited law, the Court hereby orders the Clerk to schedule a hearing to consider this matter.

### V

 The agreed facts presented by the parties show that the Asociación has indeed violated the automatic stay which enjoins, amongst others, "any act to enforce any lien against property of the estate." 11 U.S.C. 362(a)(4). However, the stipulated facts offer no proof of the damages caused by the Asociacion's violation and therefore, none are assessed.

---

**2.** The assignment was not waived by the Asociación's filing its proof of claim as an unsecured creditor. A complete reading of the proof of claim shows the Asociación invoked the assignment, should the same become effective. Moreover, the assignment became effective after the

plan was confirmed. Thus, the confirmation does not operate as res judicata which would preclude the Asociación from returning to the Trustee funds it received as an unsecured creditor and invoking its right to execute the assignment.